CHARLES B. GREENE
ATTORNEY AT LAW
84 W. SANTA CLARA STREET SUITE 770
SAN JOSE, CALIFORNIA 95113
(408) 279-3518
STATE ID # 56275
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

In re )  Case No.: 09-54787 rle
)
MITCHELL S. ZUCKER, and )  Chapter 11
JACQULIN E. ZUCKER, )
)
    Debtors. )  **NOTICE OF DEBTOR'S INTENT**
) **TO ABANDON REAL PROPERTY**
)
)  **Judge Roger L. Efremsky**

    NOTICE IS HEREBY GIVEN to all creditors, parties requesting special notice, the Office of the U.S. Trustee, and interested parties that the Debtors, Mitchell S. Zucker and Jacqulin E. Zucker, propose to abandon the following described properties of the estate:

    a.    6650 W. Warm Springs Rd., #1022, Las Vegas, Nevada;

    b.    6650 W. Warm Springs Rd., #1043, Las Vegas, Nevada;

    c.    5401 E. Van Buren St. #11-1080, Phoenix, Arizona;

    d.    Lot 27 Via Palma Dr., N. Myrtle Beach, South Carolina;

    e.    101 Upper Ranch View Rd., Graney, Colorado;

    f.    40013 Fairchild Ct., Peru, Indiana;

    g.    321-323 Harry Ave., LeHigh Acres, Florida;

    h.    5401 E. Van Buren St., #11-1116, Phoenix, Arizona.

    There is no equity for the estate in any of the above described real properties. Each of the above described real properties has valid and perfected liens or security interest of creditors which exceed the current fair market value of the respective properties. Therefore, each of the properties is burdensome to the estate or is of inconsequential value to the estate, and is not necessary for the effective reorganization of the Debtor's estate. The Debtor, as debtor-in-possession, is authorized,

pursuant to Federal Rules of Civil Procedure 6007 to abandon property of the estate if such property does not have any value to the estate.

NOTICE IS HEREBY FURTHER GIVEN the Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that a creditor or other party in interest wishes to object to, or a request a hearing, on the Trustee's intent to abandon as set forth herein above. Any party who objects to the abandonment must file with the Court and serve upon Debtor's counsel, Charles B. Greene, 84 W. Santa Clara Street, Suite 770, San Jose, California, 95113, an objection or request for hearing within twenty (20) days from the date of this Notice. Any objection or request for a hearing must be accompanied by a declaration or memorandum of law that the requesting or objecting party wishes to present in support of its position. In the event that a requesting or objecting party timely files and serves a request for hearing or objection, together with the appropriate accompanying documents, the Trustee will schedule a hearing date and time with the Bankruptcy Court and will provide the objecting or requesting party with at least ten (10) days written notice thereof. If there are no timely objections or requests for hearing, the Trustee will request that the Court enter an order authorizing the Trustee's abandonment of the real property referred to herein, without further notice or hearing.

PLEASE TAKE FURTHER NOTICE that as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to file documents electronically with the Bankruptcy Court should check the bankruptcy court's website, www.canb.uscourts.gov, for guidance.

DATED July 13, 2009.

/s/ Charles B. Greene
**CHARLES B. GREENE**
Attorney at Law
84 W. Santa Clara St., Ste. 770
San Jose, CA 95113
408-279-3518
408-279-4264 (fax)