RONALD D. ROUP, ESQ. (94495)
JOAN C. SPAEDER-YOUNKIN, ESQ. (192235)
ROUP & ASSOCIATES
23101 LAKE CENTER DRIVE #310
LAKE FOREST, CA 92630
TELEPHONE: (949) 472-2377 x 229
FACSIMILE: (949) 472-2317
Attorneys for Secured Creditor,
SUNTRUST MORTGAGE INC.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re MITCHELL SCOTT ZUCKER & JACQUILIN ELAINE ZUCKER, <br><br> Debtor(s). | Case No. 09-54787-RLE11 <br><br> Chapter 11 |
| SUNTRUST MORTGAGE INC., successor by merger to CRESTAR MORTGAGE, and/or its ASSIGNEES or SUCCESSORS, <br><br> Movant, <br><br> vs. <br><br> MITCHELL SCOTT ZUCKER & JACQUILIN ELAINE ZUCKER, Debtors <br><br> Respondents. | R.S. No. RDR-1 <br><br> MOTION FOR RELIEF FROM THE AUTOMATIC STAY <br><br> Judge: Roger L. Efremsky <br><br> Date: September 2, 2009 <br> Time: 10:30 A.M. <br> Courtroom: 3099 |

SUNTRUST MORTGAGE INC., successor by merger to CRESTAR MORTGAGE, and/or its ASSIGNEES or SUCCESSORS ("Movant" herein) states as follows:

1.  Jurisdiction of the Court is founded upon 28 U.S.C. Section 1334, and this motion is brought pursuant to 11 U.S.C. Section 362(d), F.R.B.P. 4001, and Local Bankruptcy Rule 4001-1. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b).

1

2. On or about June 18, 2009, Debtors and Respondent MITCHELL SCOTT ZUCKER & JACQUILIN ELAINE ZUCKER ("Debtors" herein) voluntarily commenced a case under Chapter 11 of the Bankruptcy Code. The filing of said Petition purports to stay certain acts and proceedings against Debtors or the property of Debtors' estate.

3. Movant lawfully owns and is the payee under a Promissory Note with a current principal balance of $25,653.27 ("Note" herein), and is the beneficiary of a Deed of Trust securing said Note ("Deed of Trust" herein). True and correct copies of the Note and the Deed of Trust are attached to the Declaration of Rebecca A. Lee as **Exhibits 1** and **2** respectively.

4. Upon information and belief, Movant alleges that Debtors claim an interest in certain real property commonly known as **5401 E Van Buren St #1116, Phoenix, Arizona 85008**, and more particularly described in the Exhibit 2 Deed of Trust ("Property" herein) attached to the Declaration of Rebecca A. Lee filed concurrently.

5. The Deed of Trust was duly recorded as Instrument No. 2007-0566810 in the Official Records of Maricopa County, Arizona on May 15, 2007, and constitutes a Second Deed of Trust on the Property. Upon information and belief, Movant alleges that the Property was the principal residence of Debtors at the time the loan was made.

6. The Debtors have defaulted in the payment obligations as provided under the Note. The Debtors now owe the payment that accrued July 1, 2009, and all subsequent payments.

7. At the time of Debtors' petition, Movant had not commenced its foreclosure proceedings due to Debtors' payment defaults, and has not recorded its Notice of Default.

8. Movant has been prevented from pursuing its foreclosure proceedings, or otherwise exercising its rights under the Note and the Deed of Trust by reason of the bankruptcy Automatic Stay.

9. There is now due, owing and unpaid under the Note, arrearages for monthly installments, attorneys fees, and other costs, all as shown on the Statement of Indebtedness attached as **Exhibit 3** to the Declaration of Rebecca A. Lee filed herewith.

10. The Statement of Indebtedness reflects all liens against the Property known to Movant.

11. Movant alleges that as of June 18, 2009, when Debtors filed the Real Property Schedule A & D, the fair market value of the Property was approximately $130,000.00, based upon the Debtors' schedules. See **Exhibit 4** of the Declaration of Rebecca A. Lee filed herewith.

12. The subject Property will be surrendered pursuant to the Notice of Debtor's Intent to Abandon Real Property. See **Exhibit 5** in the Declaration of Rebecca A. Lee filed concurrently with this Motion.

13. Upon information and belief, Movant alleges that it is entitled to relief from the automatic stay for the following reasons:

a) Debtors have failed to make any regular monthly installments on the Note beginning with the July 1, 2009, installment, and there is now due and owing unpaid loan delinquencies in the sum of $1,437.14;

b) By reason of Debtors' failure to make payments as required, and the increasing accrual of delinquencies and unpaid taxes, the equity protection of Movant in the Property has been and shall continue to be seriously eroded, and no adequate protection has been provided by Respondents to prevent this substantial diminution of the interests of Movant in the Property;

c) In addition, Movant will again have to expend sums for trustee's fees and other costs to enforce the creditor's remedies which will further diminish any equity protection.

Therefore, the Property is not necessary to the effective reorganization of the Debtors.

14. By reason thereof, good cause exists, including lack of adequate protection, for this Court to grant Movant relief from stay as provided by Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

WHEREFORE, Movant respectfully prays for judgment against Respondents as follows:

1. For an Order granting that the automatic stay be terminated as provided by Section 362(d) of the Bankruptcy Code to allow Movant, its agents, successors, and assigns to foreclose on the Deed of

Trust by non-judicial foreclosure or to exercise the power of sale under the instrument with respect to the Property, or exercise any other remedies available to Movant under the Deed of Trust, including accepting a deed-in-lieu of foreclosure, and any and all rights after the foreclosure sale, including, but not limited to, the right to proceed in unlawful detainer; The Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification; Any such agreement shall be non-recourse unless included in a reaffirmation agreement; or in the alternative;

2. Waiver of the 10-day stay provided by Bankruptcy Rule 4001(a)(3);

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. For such other and further relief as the Court may deem just and proper.

Dated: August 18, 2009                    ROUP & ASSOCIATES

                                By:    /s/ Ronald D. Roup
                                       Ronald D. Roup, Esq.
                                       Attorney for Secured Creditor