DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
917 S. Village Oaks Drive, Suite 200
Covina, California 91724
(626) 915-5714 – Phone
(626) 915-0289- Fax
File No. 1274000
ndcaecf@bdftw.com

Attorney for Movant
Aurora Loan Services LLC, its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>MITCHELL SCOTT ZUCKER,<br>JACQULIN ELAINE ZUCKER,<br><br><br>Debtors. | CASE NO.: 09-54787 RE-11<br>CHAPTER: 11<br>R.S. NO.: EAT-537<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>DATE: September 9, 2009<br>TIME: 10:30 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 3099, Third Floor,<br>280 South First Street<br>San Jose, California |

Aurora Loan Services LLC, its successors and assigns hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and/or (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On June 18, 2009, the Debtors MITCHELL SCOTT ZUCKER and JACQULIN ELAINE ZUCKER commenced this voluntary Chapter 11 case in the United States Bankruptcy

Court for the Northern District of California, San Jose Division, Case No. 09-54787-RLE-11. U.S. TRUSTEE (SAN JOSE) is the duly appointed, qualified and acting Chapter 11 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1*408 and *1*409.

3. The Debtors' estate includes real property commonly known as **6650 West Warm Springs Road, Building 4 #1022, Las Vegas, NV 89118** and legally described as follows:

PARCEL ONE (1) - UNIT:

LIVING UNIT 1022 IN BUILDING 4, AS SHOWN ON THE FINAL MAP OF PINEHURST CONDOMINIUMS, A CONDOMINIUM SUBDIVISION ON FILE IN BOOK 131 OF PLATS, PAGE 45, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREINAFTER THE 'PLAT')

PARCEL TWO (2) - COMMON ELEMENTS:

AN UNDIVIDED 1I360TH INTEREST AS TENANT IN COMMON IN THE AN UNDIVIDED 1/360TH INTEREST AS TENANT IN COMMON IN THE AND SUBJECT TO THE TERMS OF THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR PINEHURST CONDOMINIUMS RECORDED MAY 30, 2006, IN BOOK 20060530 AS DOCUMENT NO 0003654 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREINAFTER THE 'DECLARANON')

EXCEPTING THEREFROM ALL UNITS AS SHOWN ON THE PLAT

RESERVING THEREFROM, THE RIGHT TO USE ANY OF THE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS IN THE PLAT AND/OR THE DECLARATION

FURTHER RESERVING THEREFROM FOR THE BENEFIT OF OWNERS OF ALL UNITS SHOWN ON THE PLAT (EXCEPT THE UNIT REFERRED TO IN PARCEL ONE (1) ABOVE), NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND ENJOYMENT OF, IN AND TO THE COMMON ELEMENTS, AS DEFINED IN AND SUBJECT TO THE DECLARATION

PARCEL THREE (3) - LIMITED COMMON ELEMENTS:

THE EXCLUSIVE RIGHT TO USE AND OCCUPY THE FOLLOWING, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION

COVERED PARKING SPACE 144

WHICH IS DESCRIBED AS A LIMITED COMMON ELEMENT IN SECTION 5 2 OF THE DECLARATION AND WHICH IS APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE TOGETHER WITH THE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARANON

PARCEL FOUR (4) - APPURTENANT EASEMENTS:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT AND OTHER PURPOSES ON, OVER AND ACROSS THE COMMON ELEMENTS AS DEFINED IN AND SUBJECT TO THE DECLARANON, WHICH ELEMENTS AS DEFINED IN AND SUBJECT TO THE DECLARANON, WHICH DESCRIBED ABOVE

4. On or about November 14, 2006, Debtors MITCHELL SCOTT ZUCKER and JACQULIN ELAINE ZUCKER executed an adjustable rate mortgage ("ARM") Note in the original sum of $252,990.00 in favor of Meridias Capital, INC. The note is secured by a first priority deed of trust against said real property recorded on November 21, 2006 as Instrument No. 20061121-0000165 in the Office of the County Recorder of Clark County, Nevada. Movant is the current beneficiary of said deed of trust, by written assignment recorded on July 24, 2009 as Instrument No. 20090724-3146 in the Office of the County Recorder of Clark County, Nevada.

5. The original loan amount was payable with interest at the initial rate of 8% per annum in monthly principal and interest installments of $1,856.35 each, commencing January 01, 2007 and continuing thereafter each calendar month through December 01, 2036 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the note. The current monthly payment is $1,871.03.

/ / /

/ / /

/ / /

Case: 09-54787    Doc# 44    Filed: 08/24/09    Entered: 08/24/09 13:08:16    Page 3 of 5

6. The loan is in default for the months of March 1, 2009 through and including August 1, 2009. The note and deed of trust also obligate the borrowers to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. The Debtor claims under penalty of perjury in Schedule A – Real Property and in Schedule D – Creditors Holding Secured Claims that the real property has a fair market value of $62,000.00. After deducting the estimated costs of sale and the total encumbrances from the Debtor's value of the real property, the remaining equity cushion does not adequately protect Movant's interest in the real property, and there is no remaining equity for the Debtor.

8. Finally, on July 13, 2009, Debtors filed a Notice of Abandonment of the subject Property.

WHEREFORE, movant prays for an Order as follows:

1. For an Order Granting Relief from the Automatic Stay to allow movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Granting Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

4
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 09-54787    Doc# 44    Filed: 08/24/09    Entered: 08/24/09 13:08:16    Page 4 of 5

4. For such other relief as the court deems proper.

BARRETT DAFFIN FRAPPIER TREDER
& WEISS, LLP

Dated: August 24, 2009           By:   /s/ Darlene C. Vigil
                                       DARLENE C. VIGIL
                                       Attorney for Movant