JaVonne M. Phillips, Esq., SBN 187474
Gregory J. Babcock, Esq., SBN 260437
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
Citibank N.A. as Successor Trustee for the holders of MASTR Adjustable Mortgages Trust 2007-HF2 in a Securitization transaction pursua nt to Pooling and Servicing Agreement dated as of July 1 2007, its assignees and/or successors and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-54787 E |
| | ) |
| Mitchell Scott Zucker, | ) Chapter 11 |
| | ) |
| Jacqulin Elaine Zucker, | ) RS No. GJB-3977 |
| | ) |
| | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| | ) |
| Debtors. | ) Date: 2/10/2010 |
| | ) Time: 10:30AM |
| | ) Ctrm: 3099 |
| | ) Place: 280 S. First Street |
| | ) San Jose, CA |
| | ) |
| | ) |
| | ) |

Citibank N.A. as Successor Trustee for the holders of MASTR Adjustable Mortgages Trust 2007-HF2 in a Securitization transaction pursua nt to Pooling and Servicing Agreement dated as of July 1 2007, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim)

1  so that moving party and its Trustee may commence and continue all acts necessary to foreclose
2  under the Deed of Trust secured by the Debtors' property, commonly known as 40013 Fairchild
3  Court, Peru, IN 46970-8726, ("Property" herein).

4  As stated in the attached Declaration, the Debtors have failed to make 7 post-petition
5  payments (6/09 through 12/09).

6  The current value of the Debtors' subject Property is $19,000.00 based upon the Debtors'
7  own value as set forth in **Exhibit "2"**. In the present case, the Debtors have no equity in the
8  Property, as evidenced by the approximate market value compared to the total liens against the
9  Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 19,000.00 |
| Total Liens to Secured Creditor | $ | 67,525.81 |
| Equity | $ | (51,892.71) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For attorneys' fees and costs incurred herein.

1 | 4. For such other relief as the Court deems proper.

Dated: January 19, 2010                McCarthy & Holthus, LLP

By:  /s/ Gregory J. Babcock
      Gregory J. Babcock, Esq.
      Attorneys for Secured Creditor

3      File No. CA09-35646
Motion for Relief from Automatic Stay, Case No.09-54787 E
Case: 09-54787    Doc# 102    Filed: 01/19/10    Entered: 01/19/10 17:14:36    Page 3 of 3